UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00698-FDW-SCR

| WARREN WRIGHT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| DEPUY ORTHOPAEDICS, INC., DEPUY INC., JOHNSON & JOHNSON SERVICES, INC., DEPUY INTERNATIONAL LIMITED, JOHNSON & JOHNSON INTERNATIONAL, AND JOHNSON & JOHNSON, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. Following review of the parties' prior status report, (Doc. No. 75), the Court sets the following deadlines:

| | |
|---|---|
| **Dispositive Motions:** | February 1, 2024 |
| **ADR:** | June 7, 2024 |
| **Pretrial Submissions:** | July 8, 2024 |
| **Motions in Limine, and Trial Briefs:** | July 8, 2024 |
| **Docket Call:** | September 9, 2024 |
| **Final Pretrial Conference:** | September 9, 2024 |

**Dispositive Motions and Pretrial Motions (other than from Motions in Limine)**

The parties may refile any dispositive and other pretrial motions no later than February 1, 2024. These motions shall include only those arguments previously raised during MDL. Parties may not extend these deadlines by agreement. Memoranda of law in support of or in opposition

1

to any dispositive motion shall not exceed 6,000 words, and reply memoranda shall not exceed 3,000 words. The Court does not anticipate oral argument on dispositive motions in this case.

## Alternative Dispute Resolution

The method of ADR required to be utilized in this case is mediation. The deadlines for completing ADR and filing a repot on the results is June 7, 2024.

## Trial

This case shall be tried with a jury. Counsel should be prepared to proceed to trial during the mixed trial term of court of September 9-20, 2024. Docket call will take place at 9:00 A.M. on September 9, 2024, in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina. Jury selection for all trials for that trial term will typically take place on the business day immediately following docket call. The order that cases will proceed to trial will be finalized at docket call, and counsel and witnesses should be prepared accordingly.

## Final Pretrial Conference

Unless otherwise ordered by the Court, the final pretrial conference shall take place immediately following docket call, on September 9, 2024. On or before the date of the final pretrial conference, counsel shall seriously revisit the possibility of settlement and be prepared at conference to inform the Court of the parties' efforts.

## Pretrial Submissions

The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers by July 8, 2024:

i. **Jointly-Proposed Pretrial Order.** If the Court has not yet ruled on any dispositive motions when pretrial submissions are due, counsel should prepare the pretrial order as if the case is proceeding to trial. This jointly-prepared and jointly-submitted document shall contain:

(1) A joint statement of the case, the purpose of which is to acquaint the jury with the nature of the case. Unless the case is extremely complex, this statement should not ordinarily exceed one page.

(2) Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (e.g., the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P. 37(c)(2).

(3) A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

(4) A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

3

(5) Designations by volume, page, and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

(6) A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

(7) A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.(8)

ii. **Jointly-Proposed Voir Dire.** The general procedures governing voir dire are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 5). In addition to the Court's standard voir dire, counsel may prepare and jointly submit a single compilation of voir dire questions sought to be asked, also noting the agreement or objection of other parties to each proposed question. Pursuant to Rule 47(a), the Court will ask prospective jurors only such of the proposed voir dire as it deems proper. While the Court will initially voir dire the jurors, counsel should also anticipate having ten (10) minutes per side to question the jurors.

iii. **Jointly-Proposed Jury Instructions.** The general procedures governing jury instruction are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No.

4

5). Any objections to, or requests for modification or supplementation of, the Court's pattern jury instructions must be made at this time or may be deemed waived. In addition to the Court's generally-applicable pattern jury instructions, counsel should prepare and jointly submit a single compilation of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (e.g., the elements of the claims and defenses at issue), subject to supplementation at the close of evidence, as necessary, as contemplated by Rule 51. Counsel shall identify and index each proposed instruction by number and heading and support each proposed instruction with adequate legal authority. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and (if applicable) provide a proposed alternate instruction.

    iv.    **Exhibits and Witness List.** The parties must also file copies of the exhibit and witness lists on CM/ECF. Counsel and the parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the Courtroom Deputy and requested no later than August 1, 2024, using the District's Courtroom Technology web form. See "Request Training" links on https://www.ncwd.uscourts.gov/courtroom-technology. Counsel shall provide a flash drive containing in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .gif format; video and audio recordings shall be in .avi, .wmv, .mpg, .mp3, .wma, or .wav format. Each electronic exhibit shall be saved as a separate file and named consistent with their order and name on the exhibit list. The flash drive shall be delivered to the Clerk's Office (Attn: Candace Cochran) immediately after submitting the jointly-proposed pretrial order.

Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.

v. All working drafts of documents (e.g., the proposed pretrial order, voir dire, jury instructions) shall be submitted to Chambers electronically, in either Microsoft Word or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF.

vi. After reviewing the pretrial submissions, the Court reserves the right to limit the presentation of evidence through establishing reasonable time limits for each party when necessary. The Court will consider the parties' proposed witness lists, proffered testimony, estimates of trial time, and other factors to ensure that the trial is conducted efficiently and fairly.

### Motions in Limine and Trial Briefs

To the extent that contested issues of law can be anticipated in advance of trial, trial briefs and/or motions in limine, if appropriate, shall be filed by July 8, 2024. Absent prior approval from the Court, each party may file no more than one brief, whether in support of or in opposition to, all motions in limine, excluding any motion filed pursuant to Rule 702 of the Federal Rules of Evidence. Written responses shall be due on July 22, 2024. Motions in limine and oppositions thereto shall be contained in one brief and no longer than 4,500 words, and trial briefs shall be limited to 4,500 words. The Court does not intend to address motions in limine at the pretrial conference but will instead address them on the first day of trial.

### Video Depositions and De Bene Esse Depositions

If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

De bene esse trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(4) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist that would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

## Trial Subpoenas

Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline. In completing the trial subpoenas, counsel should identify the information for docket call as the time, date, and place to appear from Section 4(a) above.

## Assessment of Jury Cost

Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs (including Marshal's fees, mileage reimbursement, and per diem fees) equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the

7

Court should not assess jury costs against them. When any civil trial is settled at trial in advance of a verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

Finally, should counsel need to contact the undersigned's Chambers regarding any administrative matters in this case, counsel shall TAKE NOTICE that an attorney of record must participate in any call or communication to Chambers.

IT IS SO ORDERED.

Signed: January 2, 2024

_____
Frank D. Whitney
United States District Judge

8

Case 3:22-cv-00698-FDW-SCR   Document 82   Filed 01/03/24   Page 8 of 8